**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

BRIAN CAREY,

       Plaintiff,

v.                                                                    Case No. 5:19-cv-369-Oc-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

---

**OPINION AND ORDER**[1]

**I. Status**

Brian Carey ("Plaintiff") is appealing the Commissioner of the Social Security

Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits

("DIB").   Plaintiff's alleged inability to work during the relevant time period was the result

of "Crohns" and resultant digestive issues, as well as "constant cysts, diabetes type 2,"

"kidney failure stage 3," "h[igh ]b[lood ]p[ressure]," "edema in legs," "bone fusion in feet

[and] ankles," "obesity," "gout," "kidney stones," and "carpal tunnel."   Transcript of

Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed October

31, 2019, at 61-62, 86 (some capitalization omitted).   Plaintiff filed an application for DIB

on September 2, 2015,[2] alleging a disability onset date of August 31, 2008.   Tr. at 203-

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed October 31, 2019; Reference Order (Doc. No. 16), entered October 31, 2019.

[2]      Although actually completed on September 2, 2015, see Tr. at 203, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as September 1, 2015, see, e.g., Tr. at 61.

04.   Plaintiff later amended the alleged disability onset date to August 8, 2013 (his fiftieth birthday).   Tr. at 41.   The application was denied initially, Tr. at 61-70, 71, 72, 114-16, and upon reconsideration, Tr. at 85-94, 95, 96, 121-25.[3]

On July 12, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE").   Tr. at 37-60.   The ALJ issued a Decision on September 5, 2018, finding Plaintiff not disabled through the date Plaintiff was last insured for DIB. Tr. at 10-17.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 196-99 (request for review), 302 (letter in support); see Tr. at 4-5 (Appeals Council exhibit list and order).   On June 13, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 7, 2019, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises four issues:1) whether the residual functional capacity ("RFC") finding is unsupported by substantial evidence because it does not incorporate any medical opinions; 2) whether the ALJ properly evaluated the medical evidence; 3) whether the ALJ properly assessed the disability onset date; and 4) whether the ALJ erred in rejecting Plaintiff's subjective allegations regarding the effects of his impairments.

---

[3]        The administrative transcript also contains an application for supplemental security income ("SSI") and denials at the initial and reconsideration levels.   Tr. at 73-82, 83, 84, 97-109, 110, 111, 117-19, 205-11. Plaintiff's application for SSI was approved with a disability date of September 1, 2015, Tr. at 126, 145-58, and is not at issue in this appeal.

Plaintiff's Memorandum (Doc. No. 22; "Pl.'s Mem."), filed February 18, 2020, at 1; see id. at 8-13 (argument regarding issue one), 14-15 (argument regarding issue two), 15-17 (argument regarding issue three), 18-19 (argument regarding issue four).   On April 17, 2020, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") addressing Plaintiff's contentions.   Then, with leave of Court (Doc. No. 25), on May 20, 2020, Plaintiff's Reply Brief (Doc. No. 26; "Reply") was filed.   After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[4]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 12-17.   At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of August 8, 2013, through his date last insured of December 31, 2013."  Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that through the date last insured, Plaintiff "had the following severe impairment: Crohn's disease."  Tr. at 12.  At step three, the ALJ found that through the date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that through the date last insured, Plaintiff had the RFC "to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except he [could] never climb ladders, ropes, or scaffolds.  He [could] occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  He [had to] avoid concentrated exposure to workplace hazards."  Tr. at 13 (emphasis omitted).   At step four, the ALJ found that through the date last insured, Plaintiff "was capable of performing past relevant work as a Service Department Manager."  Tr. at 15 (emphasis and capitalization omitted).   The ALJ then made alternative findings at step five.  Tr. at 16.  After considering Plaintiff's age ("50 years old . . . on the date last insured"), education ("at least a high school education and is able to communicate in English"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that through the date last insured, "there were other jobs that existed in significant numbers in the national economy that [Plaintiff] also could have performed," Tr. at 15-16 (emphasis and citation omitted), such as "Housekeeping Cleaner," "Café Attendant," and "Marker," Tr. at 16.   The ALJ concluded that Plaintiff "was

- 4 -

not under a disability . . . from August 8, 2013, through December 31, 2013, the date last insured."   Tr. at 17 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence— even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted earlier, Plaintiff was awarded SSI benefits with an onset disability date of September 1, 2015.   The present DIB application was denied, however, essentially on the

basis that the record contains little evidence for the relevant time period of August 8, 2013 (the amended alleged disability date) through December 31, 2013 (the date last insured).

Plaintiff's four issues on appeal all stem from the lack of medical evidence in the file for the relevant time period and the ALJ's rejection of the only medical opinions regarding the time period in question.   More specifically, Plaintiff contends the ALJ erred in assessing the RFC because it does not rely on any medical opinion, Pl.'s Mem. at 8-13; the ALJ erred in assigning little weight to the opinion of Plaintiff's treating physician that his impairments were causing significant limitations during the relevant time period, id. at 14-15; the ALJ erred in failing to obtain an expert opinion regarding the critical disability onset date, id. at 15-17; and the ALJ erred in rejecting Plaintiff's subjective allegations of how his impairments affected him during the relevant period, id. at 18-19.   The undersigned addresses the last issue: the ALJ's rejection of Plaintiff's subjective allegations.   Finding error necessitating remand, the undersigned need not address the remaining issues because they are likely to be affected by the findings on remand.   See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably

be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will

continue to assess the credibility of pain <u>assertions</u> by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." <u>Cole v. Colvin</u>, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, Plaintiff testified his gout became problematic in 2009, following a surgery. Tr. at 41-42.  He testified that during 2013, it was "severe" and "flare[d] up" frequently. Tr. at 42.  Plaintiff also testified he had "a lot of edema in [his] legs" which resulted in swelling.  Tr. at 46.  He stated he "was having kidney problems and ended up in the hospital several times over between kidney and the Crohn's, swelling, [and he] had heart issues that w[ere] causing problems with the high blood pressure."  Tr. at 46.  Plaintiff also had type II diabetes during 2013 that had been diagnosed by "Dr. Radinoff."  Tr. at 50.  The Crohn's issues during 2013 included "severe cramps," multiple hospital visits, "constant" diarrhea, and six to eight bathroom trips per day lasting fifteen to twenty minutes.  Tr. at 49-50.

Plaintiff testified he was seeing "Dr. Radinoff" during the relevant time, "but [Dr. Radinoff] has since sold his practice and all the records somehow disappeared."  Tr. at 53.  Plaintiff testified that between 2010 and 2013, he "ended up at Leesburg Regional[5] probably three other times" but be could not obtain medical records for these visits because "they purged their records."  Tr. at 50.

As far as activities during 2013, Plaintiff testified he could not walk a block; he had to use a cane; he could stand for "maybe five minutes"; he needed to elevate his legs for seven to eight hours per day; he was not able to lift anything other than a gallon of milk

---

[5]     This is likely a reference to UF Health Leesburg Hospital, which prior to its 2020 acquisition by UF Health was known as Leesburg Regional Medical Center.  <u>See</u> UF Health Leesburg Hospital, https://ufhealth.org/uf-health-leesburg-hospital (last visited September 14, 2020).

because it was difficult to hold onto things with his hands; he could not squat; he could not reach high or low; he could not pick up coins from a table; and he could not button clothing without help. Tr. at 46-49.

The ALJ found in the Decision that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 14. Defendant contends the ALJ's finding in this regard is supported by substantial evidence and should not be disturbed. See Def.'s Mem. at 17-19. Nowhere in the Decision, however, did the ALJ recognize Plaintiff's testimony about why the medical evidence from the relevant time period was not available: the relevant records "disappeared" when his practitioner sold the practice, and the records from the regional hospital were destroyed. Tr. at 50, 53; see generally Tr. at 13-14. Nor does Defendant address that testimony in defending the ALJ's finding. See Def.'s Mem. at 17-19. Because the ALJ relied so heavily on the lack of medical evidence for the relevant time period, Plaintiff's testimony about that issue was critical to consider. The ALJ's failure to address Plaintiff's allegation about the missing medical evidence was harmful and requires remand.

## V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Re-evaluate Plaintiff's subjective allegations of how his impairments affected him during the relevant time period, specifically taking into account Plaintiff's testimony about why the medical evidence from that period is unavailable;

(B)     If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C)     Take such other action as may be necessary to resolve this matter properly.

2.      The Clerk is further directed to close the file.

3.      In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on September 15, 2020.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record